**UNITED STATES BANKRUPTCY COURT**
DISTRICT OF NEW JERSEY
M.L. KING, JR. FEDERAL BUILDING
50 WALNUT ST., 3RD FLOOR
NEWARK, NEW JERSEY 07102

DONALD H. STECKROTH                                                      (973) 645-4693
BANKRUPTCY JUDGE                                                    Fax: (973) 645-2606

**NOT FOR PUBLICATION**

**FILED**
JAMES J. WALDRON, CLERK

**JUNE 9, 2010**

U.S. BANKRUPTCY COURT
NEWARK, N.J.
BY: s/ Ronnie Plasner, DEPUTY

June 9, 2010

**LETTER OPINION**
**ORIGINAL FILED WITH THE CLERK OF THE COURT**

Cole, Schotz, Meisel, Forman            McCarter & English, LLP
 & Leonard, P.A.                        Joseph Lubertazi, Jr., Esq.
Gerald H. Gline, Esq.                   Four Gateway Center
25 Main Street                          100 Mulberry Street
P.O. Box 800                            Newark, New Jersey  07102
Hackensack, New Jersey  07602-0800      *Counsel for Defendants*
*Counsel for Plaintiffs*

Re:    **Tarragon Corporation, et al. v. Northland Portfolio, L.P., et al.**
       **Adversary Proceeding No. 09-01469  (DHS)**

Dear Counsel:

  Before the Court is the motion of the Plaintiffs in this adversary proceeding ("Tarragon") to compel removal of a lis pendens filed by the Defendants ("Northland") against real property in Arlington, Texas, owned by Mustang Creek National, L.P., a non-debtor subsidiary of the Plaintiffs (the "Texas lis pendens"). The motion also seeks (1) disclosure of any other lis pendens filed by the Defendants pursuant to this adversary proceeding or litigation in New York Supreme Court; (2) cancellation of any other such lis pendens; (3) sanctions; and (4) other related relief. Northland has opposed this motion arguing, first, that the Court lacks jurisdiction

Page 2
June 9, 2010

to grant the requested relief since the litigation involves non-debtor parties and, second, that the lis pendens was properly filed as a matter of law. Northland also argues that, if the motion is granted, the Court should order the sale proceeds from the Texas property to be escrowed pending resolution of the adversary proceeding. For the reasons stated below, the Court finds that (1) the power to order cancellation of the lis pendens falls within the purview of this Court's jurisdiction; (2) filing of the Texas lis pendens was not proper under applicable law, since the underlying litigation does not directly effect an interest in land; (3) as a contingent, unsecured creditor, Northland has not properly sought nor demonstrated grounds for holding the sale proceeds in escrow; and (4) Tarragon's request that other lis pendens be disclosed and discharged is denied without prejudice, since each filing must be analyzed separately pursuant to the law of the jurisdiction in which it is filed.

## FACTS

The litigation underlying this motion arises from an agreement between the parties (the "Contribution Agreement") to contribute equity interests in companies they owned (the "Contribution Companies") to a newly formed joint venture, Northland Properties LLC. The Contribution Companies own residential real estate developments throughout the United States. One of several conditions precedent to closing the transactions contemplated by the Contribution Agreement was the consent of General Electric Capital Corp. ("GECC"), which held mortgages on the vast majority of properties to be contributed by entities owned by Tarragon.

Following execution of the Contribution Agreement, but before GECC had consented, Northland commenced a lawsuit against Tarragon and Ansonia, a non-debtor party to the Contribution Agreement, in the Supreme Court of the State of New York, Commercial Part, Index No. 602425/09 (the "New York Action"), alleging breach of contract and seeking money damages as well as specific performance of the Contribution Agreement. After GECC refused to consent to the transaction, Northland recorded the relevant lis pendens against property owned by Mustang Creek National L.P., located at 2900 Matlock Road, Arlington, Texas, in the Tarrant County land records as Clerk File No. D208429370. One month later, Northland amended its complaint, dropping its request for specific performance of the contribution agreement and seeking only money damages.

The instant motion was filed on May 3, 2010 and originally scheduled for a hearing on May 11, 2010 by an order shortening time entered on May 4, 2010. On May 11th, the parties informed the Court that they were discussing a global resolution to their dispute and had reached an interim agreement, whereby Northland would remove the lis pendens immediately and Tarragon would place $250,000 in escrow. At the request of the parties, the Court agreed to re-list the motion if the lis pendens was not discharged or if the parties could not otherwise resolve their dispute. The parties were not able to reach an agreement and the motion was re-listed for argument for June 3, 2010.

Page 3
June 9, 2010

## DISCUSSION

### I. Jurisdiction

Like other federal courts, bankruptcy courts have limited jurisdiction, which is granted by statute. Specifically, 28 U.S.C. § 1334(b) states that "the district courts shall have original but non exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." District courts may delegate "any or all proceedings arising under title 11 or arising in or related to a case under title 11 . . . to the bankruptcy judges for the district." *Id.* at § 157(a). Pursuant to Standing Order of the United States District Court, District of New Jersey,

> [a]ny or all cases under Title 11 of the United States Code and any
> or all proceedings arising under Title 11 of the United States Code,
> or arising in or relating to a case under Title 11 of the United States
> Code shall be referred to the bankruptcy judges for the district.

Standing Order of the United States District Court, District of New Jersey, July 25, 1984.

The instant matter does not arise under title 11, nor does it arise in a case under title 11 since the New York Action is exclusively between non-debtor parties. Thus, the Court only has jurisdiction over the lis pendens filing if it is sufficiently "related to" a pending bankruptcy case before this Court.

In *Pacor, Inc. v. Higgins*, 743 F.2d 984 (1984), the Third Circuit considered the scope of bankruptcy courts' "related to" jurisdiction and held that the proper test was "whether the outcome of that proceeding could *conceivably have any effect on the estate* being administered in bankruptcy." *Pacor, Inc. v. Higgins*, 743 F.2d at 994 (emphasis added). "Thus, the proceeding need not necessarily be against the debtor or against the debtor's property." *Id.*

This Court has previously confronted nearly identical facts and determined that it had the jurisdiction to order the discharge of a lis pendens filed against non-debtor property, which decision was affirmed by the district court on appeal. In *In re Hilton L. Stein and Hilton L. Stein, L.L.C.*, 314 B.R. 306 (D.N.J. 2004), the trustee determined that the estate held an equitable interest in a property owned by one of the debtor's relatives. *Id.* The trustee reached an agreement whereby the property was sold to a third party and the net proceeds were shared equally between the estate and the relative. *Id.* Before the sale was consummated, creditors of the debtor filed a complaint against the relative in state court alleging preference and fraudulent conveyance causes of action and simultaneously filed a lis pendens against the property. *Id.* On motion of the debtor, this Court determined that the state court litigation would have an effect on the debtor's estate and, therefore, ordered dismissal of the state court action and cancellation of the lis pendens. *Id.* On appeal by the creditors, the district court affirmed that ruling, holding

Page 4
June 9, 2010

that the court had "'related to' jurisdiction over the [state court] action, including the lis pendens . . . [and] that the Bankruptcy Court's jurisdiction extends as well to 'suits to which the debtor need not be a party but which may affect the amount of property in the bankrupt estate.'" *Id.* at 311-12 (quoting *Zerand-Bernal Group, Inc. v. Cox*, 23 F.3d 159, 161-62 (7th Cir. 1994).

Here, just as in *Stein*, the filing of the lis pendens does not directly affect debtors' real estate before this Court; however, because proceeds from the sale of the property will flow to the Debtors' estate and be subject to the Debtor's Plan of Reorganization, the matter falls within this Court's "related to" jurisdiction. Having determined that the Court has jurisdiction to consider this motion, the Court now turns to the propriety of the lis pendens filing under Texas law.

## II.    Lis Pendens

Northland's lis pendens was filed in Texas in the Tarrant County land records. The ability to file this lis pendens is derived from Texas statute, which provides that

> [d]uring the pendency of an action involving title to real property, the establishment of an interest in real property, or the enforcement of an encumbrance against real property, a party to the action who is seeking affirmative relief may file for record with the county clerk of each county where a part of the property is located a notice that the action is pending.

Tex. Prop. Code Ann. § 12.007 (Lexis 2010).

Because the filing of a lis pendens enables a party to unilaterally cloud the title of a property, Texas courts have strictly construed the statute and held that "the suit on which the lis pendens is based *must claim a direct interest in real property*, not a collateral one." *Long Beach Mortgage Co. v. Evans*, 284 S.W.3d 406, 414 (Tex. Ct. App. 2009) (emphasis added) (citing *In re Collins*, 172 S.W.3d 287, 293 (Tex. Ct. App. 1997); *In re Wolf*, 65 S.W. 3d 804, 805 (Tex. Ct. App. 2002)). Thus, "[t]o determine the validity of a lis pendens[,] . . . th[e] Court must look to . . . [the] pleadings to determine whether the suit sought to establish an interest in the real property involved." *Id.*

In the instant case, the lis pendens references the New York Action, which arises from an alleged breach of the Contribution Agreement. Although the Contribution Agreement entailed the transfer of interests in the entity that owns the property, it does not involve a transfer of an interest in the real property itself. Thus, even though the original complaint in the New York Action sought specific performance of the Contribution Agreement, at most, this would have a collateral effect on an interest in the Texas property and , in any event, the complaint was amended to exclude specific performance relief.

Page 5
June 9, 2010

In *Mangione v. Jaffe*, 61 S.W.3d 591 (Tex. Ct. App. 2001), the Texas Court of Appeals, Fourth District, San Antonio, considered almost identical facts to the case at bar. *Mangione* involved the sale of an interest in a joint venture, whose sole asset was a shopping mall. *Id.* at 592. Both parties to the agreement alleged breach and, after filing suit, the purchaser recorded a lis pendens against the property. *Id.* As in the instant matter, the purchaser sought specific performance of the agreement and contended that this effectively transferred an interest in the real estate. *Id.* at 593. The Texas trial court disagreed and ordered cancellation of the lis pendens. *Id.* The Texas Court of Appeals affirmed, holding that "[t]he subject matter of these causes of action is the Sellers' interests in the joint venture, not the Mall. Therefore, [the lis pendens filer's] pleading for specific performance or damages affects the property only collaterally and does not come within the provisions of section 12.007." *Id.*

As in *Mangione*, the New York Action involves the transfer of interests in entities that own real property, not transfer of interests in the real property itself. Consequently, the New York Action at best collaterally affects an interest in the Texas property and, as such, the lis pendens was not properly filed under Texas law.

### III.    Escrow of Sale Proceeds

Northland argued for the first time in its most recent opposition to this motion that, if the lis pendens is removed, the Court should order the sale proceeds from the Texas property held in escrow, in order to maintain the status quo pending the resolution of this adversary proceeding. Although this adversary proceeding has been pending for more than a year, at no time prior has Northland moved for restraints or similar relief. While the Court appreciates Northland's desire to maintain the status quo, it has not demonstrated entitlement, nor does it appear to be entitled, to such relief. If Northland has any right to the sale proceeds, it arises from Tarragon's alleged breach of the Contribution Agreement. Northland is a contingent, unsecured creditor and has no right to the sale proceeds that is senior to other similarly situated creditors. Accordingly, Northland's request for escrow of the sale proceeds is denied.

### IV.    Disclosure and Discharge of Other Lis Pendens

Finally, Tarragon requests an order directing Northland to disclose and discharge any other lis pendens filed pursuant to this adversary proceeding or the New York Action. Due to the the state-specific law that governs the filing of lis pendens, each filing must be analyzed on a case-by-case basis pursuant to the unique facts of that filing. Accordingly, blanket relief is denied and each lis pendens will have to be separately addressed if issues arise.

### **CONCLUSION**

For the reasons stated herein, Tarragon's motion to discharge the lis pendens filed by Northland against property owned by Mustang Creek National L.P. located at 2900 Matlock

Page 6
June 9, 2010


Road, Arlington, Texas, in the Tarrant County land records as Clerk File No. D208429370, is hereby granted.  Since Northland has already discharged the lis pendens, the escrowed $250,000 is to be released to Tarragon.  Northland's request that the proceeds from the sale of the Texas property be held in escrow pending resolution of this adversary is denied.  Finally, Tarragon's request that the Court order the disclosure and discharge of all other lis pendens filed by Northland pursuant to this adversary proceeding or the New York Action is denied without prejudice.

   An Order in conformance with this Opinion has been entered by the Court and a copy attached hereto.

                Very truly yours,

                /s/ *Donald H. Steckroth*

                DONALD H. STECKROTH
                UNITED STATES BANKRUPTCY JUDGE


Enclosure